**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1301-17T3

JANET PALUMBO,
Administratrix Ad
Prosequendum for
HAILEY PALUMBO,

      Plaintiff-Respondent,

v.

T.M. (a minor) and STATE OF
NEW JERSEY,

      Defendants,

and

TOWNSHIP OF JACKSON, COUNTY
OF OCEAN, and TOWNSHIP OF
JACKSON MUNICIPAL
UTILITIES AUTHORITY,

      Defendants-Appellants.

_____

Argued October 11, 2018 – Decided October 26, 2018

Before Judges Nugent and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2677-17.

Barry A. Stieber argued the cause for appellant Township of Jackson (Gilmore & Monahan, PA, attorneys; Barry A. Stieber, on the brief).

Hiering, Gannon and McKenna, attorneys for appellant Jackson Township Municipal Utilities Authority, join in the brief of appellant Township of Jackson.

Berry, Sahradnik, Kotzas & Benson, attorneys for appellant County of Ocean, join in the brief of appellant Township of Jackson.

Ronald E. Prusek argued the cause for respondent (Carluccio, Leone, Dimon, Doyle & Sacks, LLC, attorneys; Ronald E. Prusek, of counsel; Peter M. Draper, on the brief).

PER CURIAM

This appeal involves a fatal automobile accident and a mother's motion to file a Notice of Late Claim under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. Despite plaintiff Janet Palumbo's persistent efforts to obtain from the Township of Jackson and Ocean County Prosecutor's Office their investigative reports of the single-car accident that resulted in her daughter's death, those entities would not release the reports for more than ninety days following the accident, for what appear to be well-grounded law enforcement considerations in investigating a fatality.

2

Following the release of the investigative reports to plaintiff, she filed a motion for permission to file a late notice of claim. Judge Arnold B. Goldman granted plaintiff's motion. Defendant Township of Jackson appeals. Because Judge Goldman acted well within his discretion in granting plaintiff's motion, and because we find no merit in the Township's arguments to the contrary, we affirm.

Plaintiff's fifteen-year-old daughter, a passenger, died from injuries she sustained on Saturday, May 22, 2017, in a single-car accident on Lakehurst Avenue in Jackson Township. Plaintiff was required by the TCA, specifically N.J.S.A. 59:8-8, to file a notice of claim with the public entities within ninety days, or by August 20, 2017. August 20, 2017 was a Saturday. Consequently, as defendant concedes in its brief, plaintiff had until August 22, 2017, to timely file the notice of claim. Thirty days beyond this deadline, on September 21, 2017, plaintiff filed a motion seeking permission to file a late claim. In a supporting certification, she explained the delay.

According to plaintiff, approximately one month after the accident, she met with representatives of the Ocean County Prosecutor's Office and Jackson Township Police Department and asked for a copy of the police report. The "Juvenile Prosecutor" informed her the investigation was ongoing and she would

receive a copy of the report when the investigation was complete. Plaintiff was also informed the Ocean County Prosecutor's office "was having a motor vehicle specialist come to examine the car and that the report would not be available until after this examination was complete."

Following the meeting, plaintiff made several telephone calls to the Ocean County Prosecutor's office and asked whether the report was available. She wanted the report, and her insurance company also wanted a copy. Plaintiff averred that each time she spoke with the Prosecutor's Victim-Witness Advocate, the Advocate told her the report was not finalized because the investigation was ongoing and the report was being revised.

On August 10, 2017, the Advocate told plaintiff the Prosecutor would only release the report if plaintiff made the request in writing. Following her conversation with the Advocate, and as instructed by the Advocate, plaintiff sent an email to the Advocate at the Prosecutor's Office, requesting a copy of the report.

On September 1, 2017, having heard nothing from the Prosecutor's Office concerning completion of the report, plaintiff contacted the office again. Plaintiff was advised she could pick up the report after the Labor Day Holiday. She obtained the report from the Prosecutor's Office on September 5, 2017, and

delivered it to her attorney the same day. Her attorney filed the motion seeking permission to file the late claim on September 21, 2017.

The police report was thorough and comprehensive. It included an eyewitness account of the accident. According to the eyewitness, the car that crashed passed the car the eyewitness was driving, spun out of control in a large puddle, and crashed into trees along the roadway. Significant to this appeal, the report also contained this information:

> At the time of the crash there was copious amounts of rain water visible in the storm drains near the crash location. The storm drain just west of final rest for vehicle #1 was filled and water was unable to disperse appropriately causing the drain to fill up and overflow into the roadway.

The police officer who made this entry reported: "I observed the water causing a flood condition across both lanes of travel for Lakehurst Avenue just prior to the crash location as I arrived [at] the scene."

Plaintiff attested that she was not an attorney and was unaware of the TCA's ninety-day deadline for filing a notice of claim. She also explained:

> Even if I was aware of this requirement, I would not have been able to file in time because the investigation report was not available for me to review and bring to my attorney's attention. Until my attorney was able to review the report, there was no way of knowing whether I had any potential claims against any public entities.

Plaintiff's attorney confirmed the facts relayed by plaintiff in her certification. Additionally, the attorney submitted,

> the [d]efendants are fully aware of the incident as it was investigated both by the Jackson Township Police Department and Ocean County Prosecutor's Office. Moreover, although [plaintiff] made it clear to investigators that she needed a copy of the report for her civil claim, this report was not made available to her until September 5, 2017, as evidenced by the accompanying letter from the Ocean County Prosecutor's Office.

The attorney included as an exhibit the letter from the Prosecutor's Office releasing the report to plaintiff.

Based on the evidence in the motion record, Judge Goldman found that before receiving the police report, plaintiff could not have reasonably learned that the storm drain had filled up and caused a flood condition across both travel lanes for Lakehurst Avenue. The judge also found that plaintiff could not have known the public entities might have some responsibility for the accident until she received the police report. Consequently, he determined her cause of action against the public entities did not accrue until the date she received the report on September 5, 2017. For these reasons, the judge granted plaintiff's motion.

We affirm, substantially for the reasons expressed by Judge Goldman. We add some brief comments.

A-1301-17T3

The TCA circumscribes claims against public entities such as Jackson Township. "A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented . . . not later than the [ninetieth] day after accrual of the cause of action." N.J.S.A. 59:8-8. "Generally, in a case of tortious conduct resulting in injury, the date of accrual will be the date of the incident on which the negligent act or omission took place." Beauchamp v. Amedio, 164 N.J. 111, 117 (2000). An exception exists in cases "where the victim either is unaware that he has been injured or, although aware of an injury, does not know that a third party is responsible." Ibid. As the trial court found here, plaintiff could not have reasonably discovered the problem with the drainage, which caused the flooding, until she received the police report.

Regardless of when a cause of action accrues, a claimant may, within one year after accrual of a claim, seek judicial permission to file a late notice of claim, provided the public entity "has not been substantially prejudiced." N.J.S.A. 59:8-9.

> Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for [the] failure to file [a] notice of claim within the period of time prescribed by

7

section 59:8-8 . . . or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter[.]

[Ibid.]

Here, even if plaintiff's cause of action had accrued on the date of the accident, plaintiff demonstrated extraordinary circumstances. Despite her repeated efforts to obtain a copy of the police report, she was unable to do so until more than ninety days after the accident occurred. Significantly, the reason she could not obtain the report is the authorities would not release it to her until they completed their investigation, a position perfectly understandable given the fatality. Plaintiff's delay in filing a late notice was thus occasioned by the time authorities took to conduct a thorough and comprehensive investigation of a fatality. She was unable to determine within ninety days, without the investigative reports, that drainage problems and flooding may have contributed to the accident. These circumstances were not ordinary, but extraordinary, thus warranting Judge Goldman's exercise of discretion.

We reject the Township's claim that it was somehow prejudiced by the late filing of the TCA notice of claim. The Township's police department conducted a thorough investigation into the accident, as did the County Prosecutor's Office. As we have repeatedly noted, the report released to plaintiff

8

is a thorough, comprehensive investigation that negates any suggestion of prejudice by the Township. The Township's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION